■ DANIEL CERKVENIK, an Infant, by LEAH CERKVENIK, His Parent and Natural Guardian, et al., Respondents, v COUNTY OF WESTCHESTER, Appellant. [607 NYS2d 66] —In a medical malpractice action, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 6, 1991, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was hospitalized with bacterial meningitis on November 18, 1985, and was quickly placed on intravenous antibiotics. On November 20, 1985, while under the care of the defendant, the intravenous line became blocked and remained so for approximately eight hours, during which the plaintiff received no antibiotics. The infant plaintiff emerged from the hospital brain-damaged and visually impaired. This action followed, and the defendant moved for summary judgment claiming that the interruption of antibiotic treatment could not have been a proximate cause of the infant plaintiff's injuries. Specifically, the defendant contends that cerebralspinal tests taken before the interruption of treatment revealed no meningitis bacteria, and therefore, antibiotic treatment was no longer required. The Supreme Court denied the motion. We affirm.

To oppose a motion for summary judgment dismissing a cause of action sounding in medical malpractice, a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's expression or opinion that the defendant's omissions or departures were a competent producing cause of the injury

*(see, Caggiano v Ross,* 130 AD2d 538; *Amsler v Verilli,* 119 AD2d 786). The affidavits of the plaintiffs' medical expert meet this requirement. Therefore, the Supreme Court properly denied the defendant's motion. Thompson, J. P., Rosenblatt, Ritter, Krausman and Friedmann, JJ., concur.