■ PATRICK RUDDY, Appellant, v PATRICIA NOLAN et al., Defendants, and VISHNU SEODAT et al., Respondents. [830 NYS2d 308]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated August 8, 2005, which granted the motion of the defendants Vishnu Seodat and East End Family Practice Assoc., P.C., and the separate motions of the defendant Tatiana S. Erdely and the defendants Paulino S. Cruz and Suffolk Family Medicine Associates, P.C., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and the respondents' motions for summary judgment dismissing the complaint insofar as asserted against them are denied.

The decedent infant Gina Marie Ruddy was born April 25, 1993. Shortly after her birth, she was diagnosed as being allergic to, inter alia, milk. In 1995, after being seen by nonparty allergists, the infant tested as a "4+" on a test for sensitivity to cow's milk.

The respondents Vishnu Seodat and East End Family Practice Assoc., P.C., were the infant's treating pediatricians from September 1995 through February 18, 1997, when the infant was approximately 2½ to almost 4 years of age.

The respondent Tatiana S. Erdely (the infant's treating pediatrician from February 28, 1997 to May 1, 1998, when the infant was about 4 to 5 years of age) agreed, at her examination before trial that an individual who tested at "4+" on skin allergy testing was at an increased risk for an anaphylactic reaction.

The respondents Paulino S. Cruz and Suffolk Family Medicine Associates, P.C., were the infant's treating pediatricians from September 5, 1998 to February 17, 1999, when the infant was almost 5¹/₂ years old, until two months before her 6th birthday.

The infant's parents discontinued her treatment with all of these respondents by March 1999 when the infant began seeing the nonmoving defendants, Patricia Nolan, Ian Winkler, and Queens Long Island Medical Group, P.C. They were treating the infant for, among other things, her allergies, immediately prior to her death.

The infant died on October 28, 1999 at the age of 6¹/₂ years, from anaphylactic shock, allegedly brought on by her eating a small piece of a biscuit which contained buttermilk.

In opposition to the respondents' showing that they were not negligent in their treatment of the infant by, inter alia, failing to prescribe an "Epi-Pen" or other automatic epinephrine injector for use by her parents in the event of an acute allergic and/or anaphylactic reaction, the plaintiff showed, by expert affidavits, the existence of a triable issue of fact as to whether or not the respondents were negligent in their treatment of the infant (*see St. Aubrey v Smithtown Pediatric Group, P.C.,* 31 AD3d 629 [2006]; *Cerkvenik v County of Westchester,* 200 AD2d 703 [1994]; *cf. Alvarez v Prospect Hosp.,* 68 NY2d 320, 326-327 [1986]; *Mosezhnik v Berenstein,* 33 AD3d 895 [2006]).

Contrary to the respondents' contentions, the fact that the infant was subsequently treated by other physicians prior to her death for the same problem the plaintiff now seeks to hold them liable for, does not automatically absolve them of liability. The plaintiff is not seeking to hold the respondents liable for the actions of another physician but rather for their own (or their employees', or shareholders') negligence and the consequences thereof (*cf. Boone v North Shore Univ. Hosp. at Forest Hills,* 12 AD3d 338, 338-339 [2004]; *Wasserman v Staten Is. Radiological Assoc.,* 2 AD3d 713 [2003]; *Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639, 639-640 [1990]).

The cases relied on by the respondents (*e.g. McNulty v City of New York,* 100 NY2d 227, 233-234 [2003]; *Tenuto v Lederle Labs., Div. of Am. Cyanamid Co.,* 90 NY2d 606, 612-614 [1997]; *Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8-10 [1988]; *Eiseman v State of New York,* 70 NY2d 175, 183-189

[1987]) are factually inapposite. In those instances, the question before the court was whether or not a duty even existed. In contrast, here there was a duty, and the question presented is whether or not the defendants breached it. The respondents failed to show any basis in law for their contention that the parents' transferring the infant's care from one treating physician to another treating physician for the care of the same problem breaks the causal connection and absolves any former treating physician from responsibility for his or her own negligence in treating the infant (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Krausman, J.P., Florio, Lunn and Covello, JJ., concur.