[918 NYS2d 176]

Robert Stukas, Appellant, v Michael Streiter et al., Respondents.

Second Department, March 8, 2011

**APPEARANCES OF COUNSEL**

*Weitz Kleinick & Weitz* and *Pollack, Pollack, Isaac & De Cicco,* New York City (*Brain J. Isaac, Michael H. Zhu* and *Jillian Rosen,* of counsel), for appellant.

*Furey, Furey, Leverage, Manzione, Williams & Darlington, P.C.,* Hempstead (*Valerie Froehlich* of counsel), for respondents.

**OPINION OF THE COURT**

LEVENTHAL, J.

The issue presented for our review is whether, in a medical malpractice action where a defendant physician moves for summary judgment and makes only a prima facie showing that he or she did not depart from good and accepted medical practice, the plaintiff, in order to defeat summary judgment, must raise a triable issue of fact not only as to this element of a medical malpractice cause of action, but as to causation as well. Although decisions of this Court have, on occasion, included language indicating an affirmative answer to this question, we now clarify the proper standard to be applied in determining motions for summary judgment, including those made in medical malpractice actions, and hold that no such requirement exists.

## Factual and Procedural Background

After Barbara Stukas (hereinafter Stukas) noticed a lump in her left armpit, in January 2000, a physician referred her for a CT scan and mammography. That CT scan was conducted at the defendant Huntington Hospital. The defendant Michael Streiter, a radiologist, read the CT scan. Streiter interpreted the scan as negative, and reported his findings to Stukas's referring physician. The mammogram was also interpreted as negative a

few weeks later by a nonparty radiologist. In the summer of 2001, Stukas was diagnosed with stage four breast cancer.

In December 2001 Stukas and her husband commenced this action, inter alia, to recover damages for medical malpractice against Streiter and Huntington Hospital (hereinafter together the defendants). In the pleadings, it was alleged that Streiter departed from good and accepted standards in failing to diagnose Stukas's breast cancer, and that Huntington Hospital was vicariously liable for Streiter's medical malpractice. In July 2004 Stukas died. Stukas's husband, Robert Stukas (hereinafter the plaintiff), was thereafter appointed the administrator of her estate, the plaintiff, in his representative capacity, was substituted for Stukas pursuant to CPLR 1015 (a), and the complaint was amended to reflect the substitution.

Following discovery, the defendants moved for summary judgment dismissing the amended complaint. In support of their motion, the defendants submitted an expert's affidavit attesting that Streiter did not depart from the applicable standard of care because his reading and interpretation of the films of the CT scan were correct. In opposition, the plaintiff submitted an affidavit from his own expert, opining that "Streiter departed from good and accepted standards of radiological practice and that these departures are the proximate cause and direct cause of the delay in diagnosis of [the decedent's] breast cancer."

In an order dated March 19, 2008, the Supreme Court denied the defendants' motion, concluding that, while the defendants established their prima facie entitlement to judgment as a matter of law, the plaintiff raised triable issues of fact as to whether the defendants departed from good and accepted standards of radiological care in interpreting the results of the CT scan (2008 NY Slip Op 30909[U] [2008]). The Supreme Court reasoned that, in light of the existence of triable issues of fact relating to Streiter's departure from medical standards, it did not need to reach the issue of proximate cause.

The defendants then moved for leave to reargue their motion for summary judgment dismissing the amended complaint, arguing that the Supreme Court, in the order dated March 19, 2008, incorrectly concluded that it did not need to address the issue of causation, thereby misapprehending and misapplying the law. According to the defendants' counsel, the case of *Thompson v Orner* (36 AD3d 791 [2007]) set forth the applicable standard in this judicial department, which was that a defendant physician moving for summary judgment in an action alleging medical

malpractice must establish, prima facie, *either* that there was no departure from applicable medical standards *or* that the departure was not a proximate cause of the plaintiff's injuries. The defendants' counsel argued that, under the holding in that case, a plaintiff, in response to such a prima facie showing, must nonetheless raise triable issues of fact as to *both* departure *and* proximate cause in order to defeat summary judgment (*id.*). Counsel argued that the affidavit of the plaintiff's expert on the issue of causation was insufficient and, as such, required dismissal of the amended complaint.

In an order dated December 9, 2008, the Supreme Court granted reargument and, upon reargument, concluded that, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to proximate cause. The Supreme Court explained that it was granting reargument on the basis that it had "incorrectly concluded that it was not necessary to reach the issue of proximate cause." In reliance on what it perceived to be the applicable standard in this judicial department, the Supreme Court, upon reargument, granted the defendants' motion for summary judgment dismissing the amended complaint. The plaintiff appeals.

## Discussion

The issue presented on this appeal is one that is essential to the fundamental jurisprudence of summary judgment in this state. New York's summary judgment procedure was created with the enactment, in 1921, of the Rules of Civil Practice, the precursor to the CPLR (*see* Nelson, *Civil Procedure in Twentieth-Century New York*, 41 St. Louis Univ LJ 1157, 1170-1171 [1997]). As enacted in 1921, rules 113 and 114 of the Rules of Civil Practice, relating to summary judgment and partial summary judgment, respectively, provided for a summary judgment procedure of limited scope, which was available only to plaintiffs, and then only in certain enumerated actions (*id.*).[1] Rule 113 was subsequently amended to apply to additional

---

1.  Rule 113 provided that
    "[w]hen an answer is served in an action to recover a debt or liquidated demand arising,
    "1. on a contract, express or implied, sealed or not sealed; or
    "2. on a judgment for a stated sum;
    "the answer may be struck out and judgment entered thereon on motion, and the affidavit of the plaintiff or of any other person having knowledge of the facts, verifying the cause of action and stating the amount claimed, and his belief that there is no defense

causes of action, and to allow both plaintiffs and defendants to move for summary judgment (*see e.g.* L 1933, Appendix, at 1743-1744 [156th Session]). In 1959 an amendment was adopted which included language similar to that which now appears in CPLR 3212, and the language which had limited the procedure's availability to the enumerated actions was deleted (*see* L 1959, vol 2, Appendix, at 2269-2270 [182nd Session]; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:8, at 15 [2005 ed]).[2]

In 1962 the Legislature enacted the first version of the CPLR, and the now-familiar burden-shifting procedure for determining motions for summary judgment was codified in CPLR 3212. That statute provides, in pertinent part, that a motion for summary judgment "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party," and the motion "shall be denied if any party shall show facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065 [1979]). In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]).

---

to the action; unless the defendant by affidavit, or other proof, shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend" (*see Peninsular Transp. Co., Inc. v Greater Britain Ins. Corp., Ltd.*, 200 App Div 695 [1922]).

Rule 114 provided that

"[i]f it appear that such defense applies only to part of plaintiff's claim, or that any part be admitted, the plaintiff may have final judgment forthwith for so much of his claim as such defense does not apply to or as is admitted, on such terms as may be just, and the action may be severed" (*see Sheehan v Cone Gen. Adv. Agency, Inc.*, 176 Misc 882, 883 [1941]).

**2.** Notably, the 1959 amendment did not alter the showings required of the respective parties upon a motion for summary judgment. A 1957 report discussing the proposed 1959 amendment stated: "In view of the highly successful operation of rules of civil practice 113 and 114, *the proposed rule makes no change in the present law*, except for [provisions that are not relevant here]" (First Preliminary Rep of Advisory Comm on Prac and Proc, 1957 NY Legis Doc No. 6 [b], at 88 [1957] [emphasis added]). Additionally, in a 1960 report, it was stated that "[t]he purpose of the [1959] amendment of Rule 113 was simply to make available to every party involved in any type of case [with limited exception involving matrimonial actions] the motion for summary judgment" (5th Ann Rep of NY Jud Conf, at 20 [1960]).

"The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (*Kolivas v Kirchoff*, 14 AD3d 493, 493 [2005]). Summary judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues (*see Millerton Agway Coop. v Briarcliff Farms*, 17 NY2d 57 [1966]).

Generally, the elements of a cause of action sounding in negligence are: (1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof (*see Akins v Glens Falls City School Dist.*, 53 NY2d 325, 333 [1981]; *Ingrassia v Lividikos*, 54 AD3d 721, 724 [2008]; *Alvino v Lin*, 300 AD2d 421 [2002]). In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Gross v Friedman*, 73 NY2d 721, 722-723 [1988]; *Heller v Weinberg*, 77 AD3d 622 [2010]; *Myers v Ferrara*, 56 AD3d 78, 83 [2008]; *Musiaro v Clarkstown Med. Assoc.*, 2 AD3d 698 [2003]). CPLR 3212 (b) does not distinguish between motions for summary judgment in medical malpractice actions and motions for summary judgment in ordinary negligence cases. Indeed, the Court of Appeals has stated that "the distinction between medical malpractice and negligence is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical line separates the two' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d 784, 787 [1996], quoting *Scott v Uljanov*, 74 NY2d 673, 674 [1989]). The difference between the two causes of action is that "a claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Weiner v Lenox Hill Hosp.*, 88 NY2d at 788, quoting *Bleiler v Bodnar*, 65 NY2d 65, 72 [1985]).

In medical malpractice cases, the law of this state requires a plaintiff, in opposition to a defendant's prima facie showing of entitlement to judgment as a matter of law, only to rebut the moving defendant's prima facie showing. The Court of Appeals established this rule nearly 25 years ago in the seminal case of *Alvarez v Prospect Hosp.* (68 NY2d 320 [1986]), where the Court held that

> "[i]n a medical malpractice action, a plaintiff, in opposition to a defendant physician's summary judg-

ment motion, must submit *evidentiary facts or materials to rebut the prima facie showing by the defendant physician* that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact" (*id.* at 324 [emphasis added]).

In *Alvarez*, the Court found that the defendant physician made a prima facie showing of his entitlement to judgment as a matter of law by submitting "sufficient proof that he properly and timely diagnosed the plaintiff's condition and did not depart from the accepted standard of care in the medical community" (*id.* at 325). In opposition, an affidavit from the plaintiff's attorney which attempted, for the first time, to create a new theory of liability against the physician was deemed insufficient to raise a triable issue of fact (*id.* at 327).

In articulating the respective burdens borne by the moving and nonmoving parties on a motion for summary judgment in a medical malpractice action, this Court, relying on *Alvarez*, has repeatedly stated that a defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby, and, in opposition, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (*Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *see Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097 [2010]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]; *Shichman v Yasmer*, 74 AD3d 1316, 1318 [2010]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *Rizzo v Moseley*, 74 AD3d 942 [2010]; *Dolan v Halpern*, 73 AD3d 1117 [2010]; *Langan v St. Vincent's Hosp. of N.Y.*, 64 AD3d 632 [2009]; *Sandmann v Shapiro*, 53 AD3d 537 [2008]; *DiMitri v Monsouri*, 302 AD2d 420 [2003]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358 [1998]; *Cahill v County of Westchester*, 226 AD2d 571 [1996]; *Toledo v Ordway*, 208 AD2d 518 [1994]; *Pierson v Good Samaritan Hosp.*, 208 AD2d 513 [1994]; *McMahon v Badia*, 195 AD2d 445 [1993]; *Kane v City of New York*, 137 AD2d 658, 659 [1988]). This formulation of the applicable standard makes it evident that the nonmoving party is required only to "rebut" the moving party's prima facie showing. That is, to defeat summary judgment, the nonmoving party need only raise a triable issue of fact with respect to the element of the cause of action or theory of nonliability that is the subject of the moving party's prima facie showing. When the standard is articulated in this manner, it is clear that where a

defendant physician, in support of a motion for summary judgment, demonstrates only that he or she did not depart from the relevant standard of care, there is no requirement that the plaintiff address the element of proximate cause in addition to the element of departure.

The language employed in these decisions is consistent with the burdens courts have correctly placed on plaintiffs in opposing motions for summary judgment in negligence actions, and comports with our understanding of the history and application of CPLR 3212. In the context of any motion for summary judgment, a party's prima facie showing of entitlement to judgment as a matter of law shifts the burden to the nonmoving party, not to prove his or her entire case, as he or she will have the burden of doing at trial, but merely to raise a triable issue of fact with respect to the elements or theories established by the moving party. There is no valid reason for adopting a different rule in medical malpractice cases.

Of course, where a defendant physician makes a prima facie showing that there was no departure from good and accepted medical practice, as well as an independent showing that any departure that may have occurred was not a proximate cause of the plaintiff's injuries, the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element (*see e.g. Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d 431, 433 [2009]; *Myers v Ferrara*, 56 AD3d 78, 83-84 [2008]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789 [2008]; *Rebozo v Wilen*, 41 AD3d 457 [2007]; *see also Wager v Hainline*, 29 AD3d 569, 571 [2006]; *Estate of Mollo v Rothman*, 284 AD2d 299 [2001]; *Marinaccio v Society of N.Y. Hosp.*, 224 AD2d 596 [1996]; *McMahon v Badia*, 195 AD2d at 446; *Treinis v Deepdale Gen. Hosp.*, 173 AD2d 605, 607-608 [1991]).

For example, in *Breland v Jamaica Hosp. Med. Ctr.* (49 AD3d 789 [2008]), this Court concluded that the defendant hospital met its prima facie burden on its motion for summary judgment by submitting an affidavit of an expert neurosurgeon who opined, with a reasonable degree of medical certainty, that the delays in treatment to the plaintiff's decedent did not constitute departures from good and accepted medical practice and were not a proximate cause of the decedent's death. We determined that, in opposition, the plaintiff's expert's affidavit was sufficient to raise triable issues of fact as to whether the hospital's staff departed from good and accepted medical practice in its

treatment of the decedent and whether such departure was a proximate cause of the decedent's death (*id.* at 790). In *Breland*, when the defendant met its burden as to the elements of departure and causation on its motion for summary judgment, the plaintiff was required to rebut those showings in order to defeat that motion. Similarly, in *DiMitri v Monsouri* (302 AD2d 420 [2003]), this Court concluded that the defendant physician established his entitlement to judgment as a matter of law by demonstrating that he properly positioned the plaintiff during surgery *and* that the positioning did not cause the plaintiff's injury in any event. The plaintiff failed to raise a triable issue of fact in opposition because his expert's affirmation, which alleged that the plaintiff was improperly positioned during the surgery, was conclusory and failed to address the contentions of the defendant's expert regarding causation (*id.* at 421). Hence, where the moving defendant addressed the elements of both departure and proximate cause, the plaintiff was required to raise a triable issue of fact as to both of those elements.

By contrast, where the moving party makes a prima facie showing of entitlement to judgment as a matter of law on a single element or theory, there is no good reason to require the opposing party to rebut or address any element or theory other than that raised by the moving party. Once the nonmoving party overcomes the moving party's prima facie showing of entitlement to judgment as a matter of law by rebutting the element established by the moving party, the court is left with the remaining unchallenged elements of the cause of action. Indeed, it is well established that when a party moving for summary judgment has not met its initial burden of setting forth evidentiary facts sufficient to establish entitlement to judgment as a matter of law, the motion should be denied without considering the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Fotiou v Goodman,* 74 AD3d 1140, 1141 [2010]). The same logic that supports this rule—namely, that the nonmoving party is not required to raise a triable issue of fact when the moving party has not made any showing of entitlement to judgment as a matter of law—compels this Court to conclude that the nonmoving party is also not required to raise a triable issue of fact with respect to any particular element or theory upon which the moving party has not made a showing of entitlement to judgment as a matter of law.

Notwithstanding the foregoing analysis, and as the defendants correctly note, numerous decisions of this Court, in setting

forth the standard for determining motions for summary judgment in medical malpractice actions, have employed language either indicating or implying that a defendant physician has the burden of establishing the absence of a departure from good and accepted medical practice *or* that the plaintiff was not injured thereby, but, in opposition, a plaintiff must raise a triable issue of fact with respect to *both* the departure element *and* the element of proximate cause (*see e.g. Luu v Paskowski*, 57 AD3d 856, 857 [2008] ["On a motion for summary judgment dismissing the complaint, a defendant physician has the burden of establishing the absence of any departure from good and accepted practice, or, if there was a departure, that the plaintiff was not injured thereby. In opposition, a plaintiff must submit the affidavit of a physician attesting to a departure from good and accepted practice, and stating the physician's opinion that the alleged departure was a competent producing cause of the plaintiff's injuries" (citations omitted)]; *see also e.g. Martin v Siegenfeld*, 70 AD3d 786, 787-788 [2010]; *Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d at 433; *Rosenman v Shrestha*, 48 AD3d 781, 783-785 [2008]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]; *Keevan v Rifkin*, 41 AD3d 661 [2007]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791 [2007]). Relying on these decisions, the defendants contend that, because the plaintiff did not raise a triable issue of fact regarding proximate cause, they are entitled to summary judgment dismissing the amended complaint.

The language appearing in the cases cited by the defendants had its genesis in this Court's decision in *Amsler v Verrilli* (119 AD2d 786 [1986]). In *Amsler,* this Court affirmed an order granting the defendant physician's motion for summary judgment dismissing the complaint in a medical malpractice action. While this Court's decision did not reveal the nature of the defendant's prima facie showing, it stated that the affidavit of the plaintiff's expert submitted in opposition to the motion contained no indication that the defendant's alleged departure from good and accepted medical practice was a proximate cause of the plaintiff's injury. The Court noted that, in opposing the defendant's motion for summary judgment, "the plaintiffs were required to lay bare their proof," and that the elements of a medical malpractice cause of action are "(1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage" (*id.* at 786). The Court then reasoned that

> "[i]n laying bare their proof in a medical malpractice case, the plaintiffs are required to provide an affidavit of merit by a medical expert. The failure to submit an affidavit by a medical expert competent to attest to the meritorious nature of the plaintiffs' claim requires dismissal of the complaint (*see, Reed v. Friedman*, 117 AD2d 661; *see also, Salch v. Paratore*, 60 NY2d 851; *Canter v. Mulnick*, 60 NY2d 689; *Stolowitz v. Mt. Sinai Hosp.*, 60 NY2d 685; *Wind v. Cacho*, 111 AD2d 808; *Vernon v. Nassau County Med. Center*, 102 AD2d 852)" (*id.* at 787).

None of the three Court of Appeals decisions cited by the *Amsler* Court involved the disposition of a summary judgment motion in the traditional context. Specifically, they were not decisions addressing only the merits of the parties' respective positions. Rather, each of those cases involved a default by the plaintiff, which could only be vacated upon the plaintiff's filing of an affidavit of merit, in which every element of medical malpractice—including proximate cause—would have to be established (*see Salch v Paratore*, 60 NY2d 851, 852 [1983] ["plaintiff's failure to file an affidavit of merit() mandates affirmance of the Appellate Division's dismissal for failure timely to serve and file a note of issue"]; *Canter v Mulnick*, 60 NY2d 689, 691 [1983] ["The Appellate Division correctly held that the plaintiffs' affidavit failed to establish the merit of their case, and that the motion to dismiss (on the basis of a preclusion order entered upon the plaintiff's failure to serve a bill of particulars, a default which continued for five years,) should have been granted unconditionally"]; *Stolowitz v Mount Sinai Hosp.*, 60 NY2d 685, 686 [1983] ["motion by defendant to dismiss the action for the failure of plaintiff for a period of nine months to serve a complaint" should have been granted due to plaintiff's failure to submit an affidavit of merit]). In a fourth Court of Appeals decision, cited elsewhere in *Amsler* (*see Fiore v Galang*, 64 NY2d 999 [1985]), the trial court issued a conditional order of preclusion, directing the plaintiffs to serve a bill of particulars upon the defendant, and the defendant subsequently moved for summary judgment based on the plaintiffs' failure to comply with the order of preclusion. The Appellate Division reversed the order denying the defendant's motion, reasoning that a defaulting party is required to supply not only a reasonable excuse for the default but also an affidavit of merit, and the plaintiff had failed to submit such an affidavit. The Court of Appeals affirmed, holding that the defendant's motion for sum-

mary judgment should have been granted due to the plaintiffs' failure to submit a sufficient affidavit of merit.

Although one of the Appellate Division decisions cited by the *Amsler* Court did involve a motion for summary judgment on the merits, that decision only stated that the defendant physician had made a prima facie showing that he did not depart from good and accepted medical practice and that the plaintiff failed to raise a triable issue of fact with regard to that element; the decision made no reference to the element of causation (*see Wind v Cacho*, 111 AD2d 808 [1985]). The remaining two decisions cited by the *Amsler* Court both held that motions to dismiss the complaint pursuant to CPLR 3216 for failure to prosecute should have been granted due to the plaintiff's failure to submit an affidavit of merit (*see Reed v Friedman*, 117 AD2d 661 [1986]; *Vernon v Nassau County Med. Ctr.*, 102 AD2d 852 [1984]).

The *Amsler* decision cited no authority supporting the proposition that a plaintiff is required to submit an affidavit of merit in order to successfully oppose a motion for summary judgment, or the proposition that a plaintiff is required to raise a triable issue of fact with respect to the elements of departure and proximate cause where the defendant has made a prima facie showing only with respect to the departure element.

Nonetheless, *Amsler* was subsequently cited for the proposition that

> "[t]o oppose a motion for summary judgment dismissing a cause of action sounding in medical malpractice, a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's expression or opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Cerkvenik v County of Westchester*, 200 AD2d 703, 703 [1994]; *see Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]).[3]

The repetition of this language in some decisions of our Court has led to the formulation relied upon by the defendants, and adopted by the Supreme Court upon reargument, which ap-

---

**3.** Both *Cerkvenik* and *Domaradzki* also cited *Caggiano v Ross* (130 AD2d 538 [1987]), but that case is inapposite, since an affidavit of merit was required in that case in order to vacate the plaintiff's default in failing to comply with a conditional order of preclusion directing her to serve a bill of particulars and other materials within 30 days.

pears to require a plaintiff to raise a triable issue of fact as to both the departure element and the causation element, even where a defendant physician has made a prima facie showing only with respect to the departure element. This conflicts with the principle, set forth in *Alvarez*, and restated in other decisions of our Court, that a nonmoving party is required only to rebut the prima facie showing made by the moving party. Moreover, it is incompatible with the maxim that the moving party's evidence must be viewed in the light most favorable to the nonmoving party, as well as the general principle that summary judgment is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues of fact. It is neither logical nor fair to require the nonmoving plaintiff, who has previously alleged in the pleadings that the defendant's departure was a proximate cause of the claimed injuries, to come forward with evidence addressing an element that was never raised by the moving defendant. To require a plaintiff to address both departure and causation in opposing a defendant physician's prima facie showing as to departure only, conflates these two distinct elements, which have always been treated separately in our jurisprudence involving medical malpractice and negligence in general (*see Akins v Glens Falls City School Dist.*, 53 NY2d at 333; *Heller v Weinberg*, 77 AD3d 622 [2010]; *Ingrassia v Lividikos*, 54 AD3d at 724).

Thus, "candor requires the admission that our past decisions have lacked a precise consistency" (*Miller v Miller*, 22 NY2d 12, 15 [1968]). Accordingly, we now clarify that our decisions reflecting the rule stated in *Alvarez* constitute the more accurate articulation of the applicable standard. To reiterate, in a medical malpractice action, a plaintiff opposing a defendant physician's motion for summary judgment must only submit evidentiary facts or materials to rebut the defendant's prima facie showing (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). This means that if the defendant demonstrates only that he or she did not depart from good and accepted medical practice, the plaintiff need only raise a triable issue of fact as to whether such a departure occurred. The plaintiff is required to raise a triable issue of fact as to causation only in the event that the defendant makes an independent prima facie showing that any claimed departure was not a proximate cause of the plaintiff's injuries.

Consequently, in the case sub judice, we conclude that the defendants established their prima facie entitlement to judgment

as a matter of law, through expert evidence that Streiter's reading and interpretation of a CT scan were correct and not a departure from good and accepted medical practice. In opposition, the plaintiff raised a triable issue of fact with respect to the departure element, through expert evidence that Streiter's reading and interpretation of the CT scan were not consistent with good and accepted medical practice. Therefore, in the order dated March 19, 2008, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Since the defendants did not address the element of proximate cause in their motion, the plaintiff was not required to address that element in opposing the motion. Understandably, the Supreme Court, upon the defendants' motion for reargument, believed that it was constrained to apply the language in our case law relied upon by the defendants. Nevertheless, in light of the foregoing, upon reargument, the Supreme Court should have adhered to the determination in the order dated March 19, 2008, denying the defendants' motion for summary judgment dismissing the amended complaint.

The order dated December 9, 2008 is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order dated March 19, 2008, denying the defendants' motion for summary judgment dismissing the amended complaint, and thereupon granting the defendants' motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated March 19, 2008, denying the defendants' motion for summary judgment dismissing the amended complaint and, as so modified, the order dated December 9, 2008, is affirmed.

PRUDENTI, P.J., ANGIOLILLO and LOTT, JJ., concur.

Ordered that the order dated December 9, 2008 is modified, on the law, by deleting the provision thereof, upon reargument, vacating the determination in the order dated March 19, 2008, denying the defendants motion for summary judgment dismissing the amended complaint, and thereupon granting the defendants' motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated March 19, 2008, denying the defendants' motion for summary judgment dismissing the amended complaint; as so modified, the order dated December 9, 2008, is affirmed, with costs to the plaintiff.