In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J), dated October 20, 2011, as granted that branch of the motion of the defendant Andrew Warchol, sued herein as “Dr. Warchol, M.D.,” which was for summary judgment dismissing the complaint insofar as asserted against him, and (2) from a judgment of the same court entered December 16, 2011, which, upon the order, in effect, severed the action against the defendant Andrew Warchol, sued herein as “Dr. Warchol, M.D.,” and is in favor of that defendant and against the plaintiff, dismissing the complaint insofar as asserted against that defendant.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed, on the law, that branch of the motion of the defendant Andrew Warchol, sued herein as “Dr. Warchol, M.D.,” which was for summary judgment dismissing the complaint insofar as asserted against him is denied, the complaint insofar as asserted against that defendant is reinstated, and the order is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The appeal from so much of the intermediate order as granted that branch of the motion of the defendant Andrew Warchol, sued herein as “Dr. Warchol, M.D.,” which was for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on *697 the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff alleged, inter alia, that the defendant Andrew Warchol, sued herein as “Dr. Warchol, M.D.” (hereinafter Warchol), departed from accepted practice by, among other things, failing to order a cardiac catheterization upon receipt of the results of a medical test which indicated, inter alia, that the decedent was suffering from certain cardiac conditions. The plaintiff also alleged that Warchol departed from accepted practice by transmitting two preoperative letters with contradictory recommendations as to whether the decedent should have been administered aspirin preoperatively and perioperatively. The plaintiff further alleged that Warchol’s departures were the proximate cause of the decedent’s death.
“[T]o establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff’s injuries” (Stukas v Streiter, 83 AD3d 18, 23 [2011]; see Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]). “[I]n a medical malpractice action ... a defendant physician seeking summary judgment must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby” (Stukas v Streiter, 83 AD3d at 24). “ ‘Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers’ ” (Perre v Vassar Bros. Hosp., 52 AD3d 670, 670 [2008], quoting Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (see Gillespie v New York Hosp. Queens, 96 AD3d at 902; Stukas v Streiter, 83 AD3d at 24). To defeat a defendant’s motion for summary judgment, a plaintiff must only rebut the defendant’s prima facie showing (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Stukas v Streiter, 83 AD3d at 30). Summary judgment is not appropriate where the parties adduce conflicting medical expert opinions, as such credibility issues can only be resolved by a jury (see Hayden v Gordon, 91 AD3d 819, 821 [2012]; Bengston v Wang, 41 AD3d 625, 626 [2007]).
Warchol failed to meet his prima facie burden of demonstrating that he did not depart from accepted medical practice by transmitting letters with contradictory recommendations as to whether the decedent should have been administered aspirin
*698 preoperatively and perioperatively. He also failed to demonstrate that the contradictory letters did not cause confusion which resulted in injury to the decedent (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829 [1978]; Gillespie v New York Hosp. Queens, 96 AD3d at 902; Stukas v Streiter, 83 AD3d at 24; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Smith v Palmieri, 103 AD2d 739, 740-741 [1984]). Furthermore, there are triable issues of fact as to whether cardiac catheterization was warranted and would have revealed the presence of an obstruction in the decedent’s right coronary artery (see Hayden v Gordon, 91 AD3d at 821; Stukas v Streiter, 83 AD3d at 30; Bengston v Wang, 41 AD3d at 626). Thus, the Supreme Court should have denied that branch of Warchol’s motion which was for summary judgment dismissing the complaint insofar as asserted against him (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Perre v Vassar Bros. Hosp., 52 AD3d at 670).
In light of our determination, we need not consider the parties’ remaining contentions. Mastro, J.E, Rivera, Hall and Miller, JJ., concur. [Prior Case History: 2011 NY Slip Op 33323CU).]