Schwartzberg v Huntington Hosp. (2018 NY Slip Op 05215)





Schwartzberg v Huntington Hosp.


2018 NY Slip Op 05215


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06419
 (Index No. 34716/07)

[*1]Cara Schwartzberg, etc., et al., respondents,
v
Huntington Hospital, et al., defendants, Osteopathic Manipulative Medicine Associates, P.C., et al., appellants.


Vardaro & Associates, LLP, Smithtown, NY (Tricia M. Criscito of counsel), for appellants.
Kelner & Kelner, New York, NY (Gerard K. Ryan, Jr., of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Osteopathic Manipulative Medicine Associates, P.C., and Dennis J. Dowling appeal from an order of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated May 17, 2016. The order, insofar as appealed from, upon a decision of the same court dated July 1, 2015, denied the motion of the defendants Osteopathic Manipulative Medicine Associates, P.C., and Dennis J. Dowling for summary judgment dismissing the complaint insofar as asserted against them. The notice of appeal from the decision is deemed to be a notice of appeal from the order (see CPLR 5512[a]).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Cara Schwartzberg (hereinafter Cara) began experiencing certain medical issues, including discoloration in her right hand, when she was 15 years old. She saw several doctors, including the defendant Dennis J. Dowling, because of her symptoms. Dowling determined that Cara likely had thoracic outlet syndrome, which occurred when there was an injury to one of the three structures in the thoracic outlet, which are the subclavian artery, the subclavian vein, and the brachial plexus. Two days after Cara's appointment with Dowling, she had a stroke as a result of a clot that had formed in her subclavian artery. Cara, by her mother, and her mother, individually, commenced this medical malpractice action against, among others, Dowling and his medical practice, Osteopathic Manipulative Medicine Associates, P.C. (hereinafter together the Dowling defendants). The Dowling defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied their motion. The Dowling defendants appeal.
"A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted standards of medical care or that any departure was not a proximate cause of the plaintiff's injuries" (Mackauer v Parikh, 148 AD3d 873, 875-876; see Stukas v Streiter, 83 AD3d 18, 23-25). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Mackauer v Parikh, 148 AD3d at 876). "Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (id. at 876 [internal quotation marks omitted]).
We agree with the Supreme Court's determination to deny the Dowling defendants' motion for summary judgment. The Dowling defendants demonstrated, prima facie, that they did not depart from the standard of care or proximately cause Cara's injuries by failing to order various diagnostic tests or by failing to refer Cara to a vascular specialist following Cara's appointment with Dowling (see id. at 875-876). In opposition, however, the plaintiffs raised triable issues of fact (see id. at 876). The plaintiffs' experts opined that based on Cara's symptoms and the results of a Doppler study, as reported by Cara's mother to Dowling, the standard of care required Dowling to order various diagnostic tests and refer Cara to a vascular surgeon. Dowling failed to take these steps. The plaintiffs' experts further opined that had Dowling taken these steps, Cara's condition would likely have been discovered and her stroke prevented.
Contrary to the Dowling defendants' contention, the plaintiffs did not impermissibly raise a new theory of liability for the first time in their opposition papers. The Dowling defendants contend that the plaintiffs asserted for the first time in opposition to the motion for summary judgment that the Dowling defendants were negligent because they failed to order the diagnostic tests and make the referral to a vascular specialist on an emergent basis. However, given that Cara had her stroke just two days after her appointment with Dowling, the plaintiffs' allegations in their pleadings regarding the failure of those defendants to order tests and make a referral could only have referred to the Dowling defendants' failure to take these steps within that short time frame. Thus, this allegation was properly pleaded, a conclusion supported by the fact that the Dowling defendants' expert physician addressed this issue in his affidavit submitted with the initial motion papers.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court