Murray v Central Is. Healthcare (2022 NY Slip Op 03393)





Murray v Central Is. Healthcare


2022 NY Slip Op 03393


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2019-11080
 (Index No. 604740/16)

[*1]Carol Murray, etc., appellant,
v
Central Island Healthcare, respondent.


Dell & Dean PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Garden City, NY (Jacqueline Mandell of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered September 19, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Maybritt Pellerito (hereinafter the decedent) died from advanced gangrene and septic shock after sustaining a fall while recuperating from knee replacement surgery at the defendant physical rehabilitation center. The plaintiff, the decedent's daughter, as the administrator of her mother's estate, commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against the defendant. In her bill of particulars, the plaintiff alleged, inter alia, that the defendant improperly performed its fall risk assessment and therefore incorrectly categorized the decedent as a low risk for falling. The bill of particulars further asserted that the defendant negligently over-medicated the decedent with oxycodone, which caused the decedent to develop hypotension, leading to gangrene of the bowel and resulting in her death.
In an order entered September 19, 2019, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint, determining that the plaintiff's expert's affirmation was conclusory and insufficient to raise triable issues of fact.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23). In moving for summary judgment, a physician defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960). Once a defendant has made such a showing, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing (see Stukas v Streiter, 83 AD3d at 30).
Here, the defendant made a prima facie showing of its entitlement to judgment as a [*2]matter of law through, inter alia, the affirmations of its experts, who opined, with a reasonable degree of medical certainty, that the defendant did not depart from the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the decedent's injuries (see Wagner v Parker, 172 AD3d 954, 955).
In opposition to the defendant's prima facie showing, the plaintiff raised a triable issue of fact as to whether the defendant departed from the standard of care by improperly assessing the decedent as a low risk for falling and, as a result, failed to implement an appropriate plan of care including the use of a tab alarm, raised siderails, and a bed lower to the ground. However, the plaintiff's expert failed to raise a triable issue of fact as to whether such departure was a proximate cause of the decedent's fall. The expert's opinion that the decedent's fall could have been prevented or her injuries minimized by use of a tab alarm, raised siderails, and a bed lower to the ground was conclusory and speculative. An expert opinion submitted in opposition should address specific assertions made by the movant's experts, setting forth an explanation for the reasoning and relying on specifically cited evidence in the record (see Tsitrin v New York Community Hosp., 154 AD3d 994, 996).
Contrary to the plaintiff's contention, the plaintiff's expert's opinion failed to raise a triable issue of fact as to whether the defendant departed from the accepted standard of care in its administration of oxycodone to the decedent. The plaintiff's expert neither set forth the standard of care for the administration of pain medication to the decedent, nor opined that the defendant departed from the standard of care in its administration of oxycodone.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court