Delia v Wieder (2025 NY Slip Op 01606)

Delia v Wieder

2025 NY Slip Op 01606

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2021-02010
 (Index No. 617091/18)

[*1]Michael Delia, et al., respondents, 
v
Alan Wieder, etc., appellant, et al., defendants.

Aaronson Rappaport Feinstein & Deutsche, LLP, New York, NY (Deirdre E. Tracey of counsel), for appellant.
Law Offices of Sandra M. Radna, P.C., Melville, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Alan Wieder appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated February 11, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
During his admission to a hospital on July 10, 2016, the plaintiff Michael Delia (hereinafter the injured plaintiff) was diagnosed with Fournier's gangrene, an aggressive, life-threatening disease. Thereafter, the injured plaintiff, and his spouse suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendant Alan Wieder, a general internist who treated the injured plaintiff on July 7, 2016, among other occasions. Wieder moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated February 11, 2021, the Supreme Court denied the motion. Wieder appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Sunshine v Berger, 214 AD3d 1020, 1022 [internal quotation marks omitted]). "On a motion for summary judgment dismissing the complaint in a medical malpractice action, the defendant . . . has the initial burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (id. [internal quotation marks omitted]). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Stukas v Streiter, 83 AD3d 18).
Here, Wieder established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. By submitting, among other things, expert affirmations, Wieder demonstrated, prima facie, that the treatment he provided did not depart from accepted medical practice and, in any event, that his treatment did not proximately cause the injured plaintiff's injuries (see Bum Yong Kim v North Shore Long Is. Jewish Health Sys., Inc., 202 AD3d [*2]653, 655).
In opposition, however, the plaintiffs raised triable issues of fact as to whether Wieder departed from accepted medical practice and whether such departure proximately caused the injured plaintiff's injuries. The plaintiffs' expert opined, inter alia, that Wieder failed to appropriately diagnose and treat the injured plaintiff's infection, thereby permitting the infection to develop into Fournier's gangrene. Where, as here, experts offer conflicting opinions, a credibility question is presented requiring a jury's resolution (see Revellino v Haimovic, 216 AD3d 687, 689).
Wieder's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied Wieder's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court