Greenstein v Schwarzman Animal Med. Ctr. (AMC) (2026 NY Slip Op 50398(U))

[*1]

Greenstein v Schwarzman Animal Med. Ctr. (AMC)

2026 NY Slip Op 50398(U)

Decided on March 23, 2026

Civil Court Of The City Of New York, Kings County

Eze, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 23, 2026
Civil Court of the City of New York, Kings County

Shira Greenstein, Claimant(s),

againstThe Schwarzman Animal Medical Center (AMC), Defendant(s).

Index No. SC-001313-25/KI

Shira Greenstein (Claimant) - Pro SeJohn Cosgrove, Esq. - For Defendant

Chidi A. Eze, J.

Bench Trial of this case was had this 19th day of March 2026 in the Small Claims part. Claimant appeared pro se, and defendant appeared by counsel and a witness (an employee of the defendant-corporation). This case involves a medical malpractice/negligence claim as it concerns a service dog. 
Claimant testified that on the 14th day of April 2025, she took her service dog, Chloe (an 8-year-old FS Cavalier King Charles Spaniel), who was in severe pain and feeling unwell, to the defendant Pet Hospital's emergency ward for evaluation/diagnosis/treatment. Claimant paid a total of $526 to the defendant for this consultation. There is a dispute as to what happened after approximately two hours in the pet hospital. Plaintiff states that her dog was discharged without the proper diagnosis/treatment, whereas defendant asserts that after it ran several tests on the dog, its agents asked plaintiff to keep the dog overnight for further evaluation and treatment, but that plaintiff rushed off with the dog, telling them she had another appointment for the dog in another animal treatment facility. A review of the defendant's record showed that its assertion is correct, however, plaintiff countered that she made those statements to defendant because defendant was not willing to treat her dog immediately or same day, and that the dog was still clearly in severe pain.
The following day, or so, Claimant took the dog to another facility (BluePearl Pet Hospital), where the dog was operated upon, which cost came up to $9,655.00. The receipt and [*2]surgical record were offered in evidence.
It is unclear the theory of liability or recovery Claimant is relying on here. Claimant claims she wants to recover based upon failure to diagnose the dog's medical condition(s) and seeks to recover the amount she paid to the new facility for the surgical operation of the dog in the amount of $9,655.
However, according to the Claimant's testimony and the record of the surgery, even if Claimant is correct that the defendant failed to properly diagnose the dog, Claimant did not claim that the dog suffered any injuries/damages because of this alleged failure. The court notes that the surgery on the dog was performed on April 16, 2025, which is barely two days from the date of the alleged failure to diagnose. Regardless of the sufficiency of the defendant's defense or lack of it thereof, this claim lacks merit. Claimant is unable to meet her prima facie burden. She is unable to establish any damage suffered by the dog resulting from the alleged negligence or failure. Moreover, defense counsel moved to dismiss this case, during trial, orally, on the grounds that an expert testimony is required to support any claim of deviation from the standard of care and/or any resulting injury to the dog.
Even if, assuming, the dog suffered any damage from the less than two days delay in treatment, such testimony must be offered by an expert in the field, who would tell the court how, if any, the dog may have been detrimentally impacted by that short delay. Here, Claimant offered no expert to testify as to any resultant damage, let alone the extent of such damage. In the absence of such expert testimony, the court is unable to evaluate or determine if the dog suffered any resultant damage, nor the quantum of same, if any.
The elements of a medical malpractice cause of action are a deviation or departure "from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" Stukas v. Streiter, 83 AD3d 18 (2nd Dept 2011).
Further, assuming Claimant is claiming negligence, the elements of a cause of action sounding in Negligence are: (1) the existence of a duty on the defendant's part as to the plaintiff; (2) a breach of this duty; and (3) an injury to the plaintiff as a result thereof. Stukas v. Streiter, supra.; see also Akins v Glens Falls City School Dist., 53 NY2d 325, 424 N.E.2d 531, 441 N.Y.S.2d 644 [Court of Appeals 1981].
In this case, however, there was no testimony regarding deviation from any standard of care, nor was there any testimony of any injury to the dog caused by the action or inaction of the defendant. Further, there was no causation testimony. With regards to Negligence cause of action, the third prong of its elements is missing here. Claimant failed to establish any injury resulting from the less than two days delay in seeking and obtaining proper treatment for the dog. It also appeared that the dog had previously been in other non-party pet treatment facilities before it showed up in defendants' facility. Basically, Claimant was unable to show causation here.
Although in a situation involving an animal, a prima facie case may be established without the necessity of offering expert testimony where the "very nature of the acts complained of bespeaks improper treatment and malpractice" Mathew v Jerome L. Klinger, D.V.M, P.C., 868 N.Y.S.2d 549 197 Misc 2d 609 (2nd Dept 1998), quoting Restrepo v State, 146 Misc 2d 349, 335, 550 N.Y.S.2d 536 (holding that no expert is necessary to explain that a veterinarian should x-ray a dog's throat, esophagus and stomach if she suspects that the dog has swallowed something). Here the very nature of the acts complained of cannot lead to the inference that same caused any [*3]injury to the dog, especially when the very short time frame is considered, coupled with evidence that the dog visited several other facilities before coming to defendant. 
Accordingly, it is
ORDERED that there be judgment for the defendant, and this case is hereby DISMISSED.
This is the Decision/Order of this court.
Date: March 23, 2026Hon. Chidi A. EzeCivil Court Judge (NYC)