Ivey v Mbaidjol (2022 NY Slip Op 01152)





Ivey v Mbaidjol


2022 NY Slip Op 01152


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-14717
 (Index No. 501503/15)

[*1]Bruce Ivey, etc., appellant, 
v
Morombaye Mbaidjol, etc., et al., respondents, et al., defendants.


Scaffidi & Associates, New York, NY (Anthony J. Scaffidi, Robert M. Marino, and Kevin B. Lynch of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Denise Buda of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated November 2, 2018. The order, insofar as appealed from, granted the motion of the defendants Morombaye Mbaidjol and Brookdale Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Morombaye Mbaidjol and Brookdale Hospital Medical Center for summary judgment dismissing the complaint insofar as asserted against them is denied.
On February 26, 2014, the plaintiff's decedent presented to the emergency department of the defendant Brookdale Hospital Medical Center (hereinafter Brookdale) complaining of swelling in both legs. The attending emergency room physician, the defendant Morombaye Mbaidjol, diagnosed the decedent with "[l]ikely peripheral vascular disease" and discharged her to her home. The decedent's bilateral leg swelling initially improved, but nine days later, she presented to a different hospital's emergency department again complaining of bilateral leg swelling. An ultrasound revealed acute deep vein thrombosis (hereinafter DVT) of major veins in both lower extremities. Shortly after the ultrasound was performed, the decedent experienced cardiopulmonary arrest and died. An autopsy of the decedent revealed that she died as a result of bilateral DVT of the lower extremities, which led to a bilateral pulmonary embolism, causing cardiac arrest and death.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against Mbaidjol and Brookdale (hereinafter together the Brookdale defendants), among others. The Brookdale defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In opposition to the motion, the plaintiff submitted an affirmation of a physician, a pulmonologist, who opined that the Brookdale defendants departed from good and accepted medical practice by failing to timely diagnose the decedent's DVT. The Supreme Court granted the Brookdale defendants' motion, determining that the opinions of the plaintiff's expert physician were speculative and not supported by the record. The plaintiff appeals.
"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842; see Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563, 565; Rebozo v Wilen, 41 AD3d 457, 458). On a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Stukas v Streiter, 83 AD3d 18, 24). In opposition, "'a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact'" (id. at 24, quoting Deutsch v Chaglassian, 71 AD3d 718, 719).
Here, the Brookdale defendants established their prima facie entitlement to judgment as a matter of law by submitting an affirmation of an expert physician and the decedent's medical records, which established that the Brookdale defendants did not depart from good and accepted medical practice in their care and treatment of the decedent and that such treatment did not proximately cause the decedent's death (see Alvarez v Prospect Hosp., 68 NY2d 320; Stukas v Streiter, 83 AD3d at 24).
In opposition to the Brookdale defendants' prima facie showing, however, the plaintiff raised triable issues of fact as to whether the Brookdale defendants departed from good and accepted medical practice and whether such departures caused the decedent's death (see Maestri v Pasha 198 AD3d 632). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). Contrary to the Brookdale defendants' contention, the opinions of the plaintiff's expert physician were not speculative and conclusory (see Maestri v Pasha, 198 AD3d 632). The plaintiff's expert physician opined, inter alia, that the Brookdale defendants departed from the standard of care by failing to take a proper history and perform a proper workup of the decedent, failing to rule out DVT, misdiagnosing the decedent, and failing to institute the proper treatment, which resulted in the progression of the DVT, bilateral pulmonary embolism, and ultimately cardiac arrest and death nine days later. Among other things, "[w]hether a diagnostic delay affected a patient's prognosis is typically an issue that should be presented to a jury" (Wiater v Lewis, 197 AD3d 782, 784).
Accordingly, the Supreme Court should have denied the Brookdale defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court