Dear-Noel v Alvarez (2022 NY Slip Op 04007)

Dear-Noel v Alvarez

2022 NY Slip Op 04007

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2019-01942
 (Index No. 3208/13)

[*1]Crystal Dear-Noel, etc., appellant, 
v
Elsie Alvarez, etc., et al., defendants, Brooklyn Hospital Center, et al., respondents.

Pegalis Law Group, LLC, Lake Success, NY (Annamarie Bondi-Stoddard of counsel), for appellant.
Garson & Jakub LLP, New York, NY (Michael J. Morris of counsel), for respondent Michael Cabbad.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated January 9, 2019. The order, insofar as appealed from, granted the motion of the defendant Michael Cabbad for summary judgment dismissing the complaint insofar as asserted against him and granted that branch of the motion of the defendants Brooklyn Hospital Center and Mansour Ahmed which was for summary judgment dismissing so much of the complaint as alleged that the defendant Brooklyn Hospital Center was vicariously liable for the alleged medical malpractice of the defendant Michael Cabbad.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Brooklyn Hospital Center and Michael Cabbad, the motion of the defendant Michael Cabbad for summary judgment dismissing the complaint insofar as asserted against him and that branch of the motion of the defendants Brooklyn Hospital Center and Mansour Ahmed which was for summary judgment dismissing so much of the complaint as alleged that the defendant Brooklyn Hospital Center was vicariously liable for the alleged medical malpractice of the defendant Michael Cabbad are denied.
On August 17, 2012, the plaintiff, who was approximately 28 weeks pregnant, presented to the defendant Brooklyn Hospital Center (hereinafter BHC) complaining of decreased fetal movement. BHC medical residents examined the plaintiff and the fetus, contacted the defendant Elsie Alvarez, the plaintiff's obstetrician/gynecologist, by telephone to discuss the plaintiff's plan of care, and admitted the plaintiff to the hospital for further observation. The next morning, the defendant Michael Cabbad examined the plaintiff's fetal monitoring strips at her bedside, and recommended no change to her treatment. On the morning of August 19, 2012, after a sonogram revealed a weak fetal heart rate, an emergency cesarean section was ordered and the infant R.N. was delivered. R.N. suffered severe brain injuries due to the deprivation of oxygen prior to delivery, and ultimately died as a result of his injuries.
The plaintiff commenced separate actions, later consolidated, against, among others, [*2]BHC and Cabbad. Cabbad moved, and BHC separately moved jointly with the defendant Mansour Ahmed, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated January 9, 2019, the Supreme Court, inter alia, granted Cabbad's motion and granted that branch of BHC's and Ahmed's motion which was for summary judgment dismissing so much of the complaint as alleged that BHC was vicariously liable for Cabbad's alleged medical malpractice. The plaintiff appeals.
"'The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage'" (Ivey v Mbaidjol, 202 AD3d 1070, 1071, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842). "On a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Ivey v Mbaidjol, 202 AD3d at 1071). In opposition, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Stukas v Streiter, 83 AD3d 18, 24; see Ivey v Mbaidjol, 202 AD3d at 1071-1072).
Here, Cabbad established his prima facie entitlement to judgment as a matter of law by submitting a transcript of his deposition testimony, the plaintiff's medical records, and an affirmation of an expert physician, which established that Cabbad did not depart from good and accepted medical practice in his care and treatment of the plaintiff and that such treatment did not proximately cause R.N.'s death (see Ivey v Mbaidjol, 202 AD3d at 1071; Stukas v Streiter, 83 AD3d at 24).
In opposition to Cabbad's prima facie showing, however, the plaintiff raised triable issues of fact as to whether Cabbad departed from good and accepted medical practice and whether such departures caused R.N.'s death (see Ivey v Mbaidjol, 202 AD3d at 1072; Maestri v Pasha, 198 AD3d 632). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Ivey v Mbaidjol, 202 AD3d at 1072, quoting Feinberg v Feit, 23 AD3d 517, 519). The plaintiff's expert in obstetrics and gynecology opined, inter alia, that Cabbad departed from the standard of care by failing to formally evaluate the plaintiff, consider infection and/or hypoxia as a cause of the decreased fetal movement, and schedule immediate testing for the plaintiff. The plaintiff's expert also opined that Cabbad departed from the standard of care by allowing unsupervised, low-level medical residents to care for the plaintiff, relying on the results of the tests performed by these residents, and failing to perform these tests himself.
Accordingly, the Supreme Court should have denied Cabbad's motion for summary judgment dismissing the complaint insofar as asserted against him. Since the court awarded BHC summary judgment dismissing so much of the complaint as alleged that BHC was vicariously liable for Cabbad's alleged medical malpractice based solely on its determination to grant Cabbad's motion for summary judgment dismissing the complaint insofar as asserted against him, the court also should have denied that branch of BHC's motion for the same reasons.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court