Shirley v Falkovsky (2022 NY Slip Op 04659)

Shirley v Falkovsky

2022 NY Slip Op 04659

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH A. ZAYAS
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-11074
 (Index No. 602852/17)

[*1]Florence Balay Shirley, etc., appellant, 
v
Alexander Falkovsky, etc., et al., respondents.

Victoria Wickman (Arnold E. DiJoseph, P.C., New York, NY [Arnold E. DiJoseph III], of counsel), for appellant.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 13, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On March 3, 2015, the plaintiff's decedent, Riccardo Shirley (hereinafter the decedent), who had been diagnosed by his longtime physician, the defendant Alexander Falkovsky, with kidney disease, high blood pressure, and high cholesterol, presented to Falkovsky at the defendant East Merrick Medical, P.C., with complaints of loss of taste and appetite for two weeks, the unintentional loss of ten pounds, and two episodes of dizziness and vomiting that resolved on their own. During a follow up visit on March 17, 2015, Falkovsky noted, inter alia, that blood work had revealed that the decedent had anemia. Falkovsky believed the cause of the decedent's symptoms was most likely a neoplasm, and referred the decedent to a gastroenterologist and a nephrologist. On March 19, 2015, the decedent was examined by a nephrologist, who noted, among other things, that the decedent had lower extremity edema. The decedent underwent an endoscopy with his gastroenterologist on March 25, 2015, which revealed, inter alia, reflux and gastritis. A renal sonogram performed on April 11, 2015, showed that the decedent had a right renal cyst and a possible angeomyolipoma. The decedent died on April 16, 2015. An autopsy revealed that the decedent died as a result of atherosclerotic and hypertensive cardiovascular disease.
The plaintiff commenced this action to recover damages for medical malpractice and wrongful death. The defendants moved for summary judgment dismissing the complaint. In opposition to the motion, the plaintiff submitted the expert affirmation of a physician board certified in internal medicine with a subcertification in cardiovascular disease, who opined, among other things, that Falkovsky departed from good and accepted medical practice by failing to consider cardiac disease as the cause of the decedent's symptoms. The Supreme Court granted the defendants' motion, determining that the opinions of the plaintiff's expert were speculative, conclusory, and not supported by the record. The plaintiff appeals.
"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842; see Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563, 565; Rebozo v Wilen, 41 AD3d 457, 458). "On a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Ivey v Mbaidjol, 202 AD3d 1070, 1071; see Stukas v Streiter, 83 AD3d 18, 24). "In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Ivey v Mbaidjol, 202 AD3d at 1071-1072 [internal quotation marks omitted]). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84; see Mendoza v Maimonides Med. Ctr., 203 AD3d 715, 716-717). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996 [internal quotation marks omitted]; see Murray v Central Is. Healthcare, 205 AD3d 1036; Mendoza v Maimonides Med. Ctr., 203 AD3d at 717).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the expert affirmation of a physician, transcripts of relevant deposition testimony, and the decedent's medical records, which established that Falkovsky did not depart from good and accepted medical practice in his care and treatment of the decedent and that such treatment did not proximately cause the decedent's death (see Alvarez v Prospect Hosp., 68 NY2d 320; Ivey v Mbaidjol, 202 AD3d at 1072; Stukas v Streiter, 83 AD3d at 24).
However, in opposition to the defendants' prima facie showing, the plaintiff raised triable issues of fact as to whether Falkovsky departed from good and accepted medical practice and whether such departures caused the decedent's death (see Ivey v Mbaidjol, 202 AD3d at 1072). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (id. at 1072, quoting Feinberg v Feit, 23 AD3d 517, 519; see Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858). Contrary to the defendants' contention, the opinions of the plaintiff's expert were not speculative and conclusory (see Ivey v Mbaidjol, 202 AD3d at 1072). The plaintiff's expert opined, inter alia, that Falkovsky departed from the standard of care by failing to include cardiac disease in his differential diagnosis based upon the decedent's symptoms in light of his medical history, and failing to order proper tests or to refer the decedent to a cardiologist for cardiac-related tests, which resulted in a lack of proper treatment that could have prevented the decedent's death.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., ZAYAS, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court