Bhuiyan v Germain (2022 NY Slip Op 06901)

Bhuiyan v Germain

2022 NY Slip Op 06901

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-12620
 (Index No. 708072/17)

[*1]Sultana Bhuiyan, et al., appellants, 
v
Michele Germain, etc., et al., respondents.

John J. Ciafone (Slavin & Slavin, New Hyde Park, NY [Barton L. Slavin], of counsel), for appellants.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela Gleit of counsel), for respondent Michele Germain.
Silverson, Pareres & Lombardi, LLP, White Plains, NY (Rachel H. Poritz of counsel), for respondent AdvantageCare Physicians, P.C.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for respondents Northwell Health, Inc., and Long Island Jewish, Forest Hills.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated October 4, 2019. The order granted the separate motions of the defendant Michele Germain, the defendant AdvantageCare Physicians, P.C., and the defendants Northwell Health, Inc., and Long Island Jewish, Forest Hills, for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants Michele Germain and AdvantageCare Physicians, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice in the performance of the hysterectomy upon the plaintiff Sultana Bhuiyan insofar as asserted against each of them, and substituting therefor provisions denying those branches of the separate motions; as so modified, the order is affirmed, with one bill of costs to the plaintiffs payable by the defendants Michele Germain and AdvantageCare Physicians, P.C., and one bill of costs to the defendants Northwell Health, Inc., and Long Island Jewish, Forest Hills, payable by the plaintiffs.
On March 29, 2017, the plaintiff Sultana Bhuiyan (hereinafter the injured plaintiff) underwent a hysterectomy for abnormal uterine bleeding at the defendant Long Island Jewish, Forest Hills (hereinafter the hospital). The surgery was performed by the defendant Michele Germain, who was the injured plaintiff's private gynecologist. Germain was assisted during the surgery by another nonparty gynecologist. Germain was operating on the right side of the injured plaintiff, and the nonparty physician was operating on the left side. The injured plaintiff was discharged on April 2, [*2]2017, but returned to the emergency room of the hospital on April 6, 2017, with complaints of urinary incontinence. On that date, a CT scan of the injured plaintiff's abdomen and pelvis revealed an injury to the distal left ureter, and the injured plaintiff underwent an exploratory laparotomy with left ureteral stent placement and re-implantation of the left ureter, which was performed by another nonparty physician.
The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice against Germain and her practice, the defendant AdvantageCare Physicians, P.C. (hereinafter AdvantageCare), the hospital, and the defendant Northwell Health, Inc. (hereinafter Northwell). In their bill of particulars, the plaintiffs alleged, among other things, that the defendants "negligently, surgically severed [p]laintiff's ureter." The plaintiffs did not assert a cause of action alleging lack of informed consent.
Germain and AdvantageCare separately moved for summary judgment dismissing the complaint insofar as asserted against each of them, and the hospital and Northwell moved for the same relief. In an order dated October 4, 2019, the Supreme Court granted the defendants' motions. The plaintiffs appeal.
"'The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage'" (Ivey v Mbaidjol, 202 AD3d 1070, 1071, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842). "On a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Ivey v Mbaidjol, 202 AD3d at 1071). In opposition, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Stukas v Streiter, 83 AD3d 18, 24; see Ivey v Mbaidjol, 202 AD3d at 1071-1072).
Here, Germain and AdvantageCare both established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting, inter alia, the affirmation of their expert, who opined within a reasonable degree of medical certainty that Germain did not depart from good and accepted medical practice in her care and treatment of the injured plaintiff and that such care and treatment did not cause the injured plaintiff's injuries (see Ivey v Mbaidjol, 202 AD3d at 1071; Stukas v Streiter, 83 AD3d at 24).
In opposition to Germain's and AdvantageCare's prima facie showing, however, the plaintiffs raised triable issues of fact as to whether Germain departed from good and accepted medical practice in the performance of the hysterectomy and whether such departures caused the injured plaintiff's injuries. "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Ivey v Mbaidjol, 202 AD3d at 1072, quoting Feinberg v Feit, 23 AD3d 517, 519). The plaintiffs' expert in obstetrics and gynecology opined, after reviewing the operative reports both of the hysterectomy and the surgery to repair the ureter, a presurgical medical evaluation, a CT scan conducted after the hysterectomy, and Germain's and AdvantageCare's expert's affirmation, that Germain departed from the standard of care by failing to thoroughly evaluate the course of the injured plaintiff's ureters during the surgery, and to visualize the ureters to confirm their location prior to vessel transection. The plaintiffs' expert also opined that given the injured plaintiff's dilated cervix and bleeding encountered on the left-hand side, Germain should have been aware that there was an increased risk for ureteral injury, but did not take any steps intraoperatively to reduce the risk of injuring the ureter. The plaintiffs' expert also addressed Germain's and AdvantageCare's expert's conclusion that Germain was not responsible for the injured plaintiff's injuries because during the surgery she was working on the right side of the patient, and another physician was working on the left side. In this regard, the plaintiffs' expert asserted that, as the injured plaintiff's treating physician and the primary surgeon, Germain was ultimately responsible for the outcome of the surgery. Moreover, the nonparty physician who was on the left side had scrubbed out before the end of the surgery, and Germain was responsible for assessing injuries prior to closing the injured plaintiff.
Contrary to the Supreme Court's determination, the plaintiffs' expert's opinion did not consist of merely general and conclusory allegations unsupported by competent evidence. The plaintiffs' expert made specific allegations based upon the operative reports and CT scan which were part of the medical records, and addressed specific assertions made by Germain's and AdvantageCare's expert.
Although the plaintiffs' expert did not review the pleadings, and all the evidence, that failure went to the weight, not the admissibility of his opinion (see Weigart v Baker, 217 AD2d 1011). The operative report regarding the hysterectomy was part of the injured plaintiff's hospital records, was electronically signed by Germain, and was relied upon by Germain's and AdvantageCare's expert (see Raso v Statewide Auto Auction, 262 AD2d 387, 387-388). Therefore, the plaintiffs' expert properly relied upon that report in reaching his conclusions.
Accordingly, the Supreme Court should have denied those branches of Germain's and AdvantageCare's motions which were for summary judgment dismissing the causes of action alleging medical malpractice in the performance of the hysterectomy upon the injured plaintiff insofar as asserted against each of them.
However, the plaintiffs failed to raise a triable issue of fact as to whether Germain departed from the standard of care in the treatment of the injured plaintiff before or after the performance of the hysterectomy. Accordingly, the Supreme Court properly granted those branches of Germain's and AdvantageCare's motions which were for summary judgment dismissing the plaintiffs' claims in that regard.
The motion of the hospital and Northwell was also properly granted, since Germain was an independent physician retained by the injured plaintiff (see Hill v St. Clare's Hosp., 67 NY2d 72, 79; Seiden v Sonstein, 127 AD3d 1158, 1160). At the conclusion of the surgery, the physician assisting Germain was replaced by an employee of the hospital. However, by that time, the surgery was over, and the doctors were closing up the injured plaintiff. There is no allegation or evidence that the hospital physician committed malpractice or could have had any influence on the course of the surgery at that juncture.
"Where hospital staff, such as resident physicians and nurses, have participated in the treatment of the patient, the hospital may not be held vicariously liable for resulting injuries where the hospital employees merely carried out the private attending physician's orders," except when the hospital staff follows orders knowing that the doctor's orders are so clearly contraindicated by normal practice that ordinary prudence requires inquiry into the correctness of the orders, the hospital's employees have committed independent acts of negligence, or the words or conduct of the hospital give rise to the appearance and belief that the physician possesses the authority to act on behalf of the hospital (Pezulich v Grecco, 206 AD3d 827, 829). None of those circumstances apply here. Further, there were no acts of medical malpractice asserted against Northwell. Nor, as discussed above, does the complaint assert a cause of action sounding in lack of informed consent. Accordingly, the hospital and Northwell's motion for summary judgment dismissing the complaint insofar as asserted against them was properly granted.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court