Hiegel v Orange Regional Med. Ctr. (2023 NY Slip Op 04434)

Hiegel v Orange Regional Med. Ctr.

2023 NY Slip Op 04434

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2019-06737 
2019-07951
2020-01874
 (Index No. 151/16)

[*1]Michelle Hiegel, etc., appellant, 
v
Orange Regional Medical Center, et al., respondents.

Kramer, Dillof, Livingston, and Moore, New York, NY (Matthew Gaier and Pani Vo of counsel), for appellant.
Martin Clearwater & Bell, LLP, New York, NY (Barbara D. Goldberg, John J. Barbera, and Michael F. Bastone of counsel), for respondent Orange Regional Medical Center.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Garden City, NY (Megan A. Lawless of counsel), for respondents Pamela Murphy, Pamela J. Murphy, MD FACEP, PLLC, and Orange Emergency Services, P.C.
Catania, Mahon & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for respondents Elena Kaznatcheeva and Middletown Medical, P.C.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Maria Vasquez-Doles, J.), dated April 4, 2019, (2) a judgment of the same court dated May 22, 2019, and (3) a judgment of the same court entered November 22, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Orange Regional Medical Center, the defendants Pamela Murphy, Pamela J. Murphy, MD FACEP, PLLC, and Orange Emergency Services, P.C., and the defendants Elena Kaznatcheeva and Middletown Medical, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against each of them. The judgment dated May 22, 2019, insofar as appealed from, upon the order, is in favor of the defendants Elena Kaznatcheeva and Middletown Medical, P.C., and against the plaintiff dismissing the causes of action alleging medical malpractice, wrongful [*2]death, and loss of services insofar as asserted against those defendants. The judgment entered November 22, 2019, insofar as appealed from, upon the order, is in favor of the defendant Orange Regional Medical Center and against the plaintiff dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against that defendant.
ORDERED that the appeal from so much of the order as granted those branches of the separate motions of the defendants Elena Kaznatcheeva and Middletown Medical, P.C., and the defendant Orange Regional Medical Center which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against each of them is dismissed; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and those branches of the motion of the defendants Pamela Murphy, Pamela J. Murphy, MD FACEP, PLLC, and Orange Emergency Services, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against them are denied; and it is further,
ORDERED that the judgment dated May 22, 2019, is reversed insofar as appealed from, on the law, those branches of the motion of the defendants Elena Kaznatcheeva and Middletown Medical, P.C., which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against them are denied, the complaint is reinstated against those defendants insofar as it asserts causes of action alleging medical malpractice, wrongful death, and loss of services against them, and the order is modified accordingly; and it is further,
ORDERED that the judgment entered November 22, 2019, is reversed insofar as appealed from, on the law, those branches of the motion of the defendant Orange Regional Medical Center which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against it are denied, the complaint is reinstated against that defendant insofar as it asserts causes of action alleging medical malpractice, wrongful death, and loss of services against it, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the respondents appearing separately and filing separate briefs.
The appeal from so much of the order as granted those branches of the separate motions of the defendants Elena Kaznatcheeva and Middletown Medical, P.C., and the defendant Orange Regional Medical Center which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against each of them must be dismissed because the right of direct appeal therefrom terminated with entry of the judgments in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeals from the judgments (see CPLR 5501[a][1]).
On November 20, 2014, Charles Brennan (hereinafter the decedent), believing himself to be suffering symptoms of a stroke, called 911 for assistance. He was subsequently transported to the defendant Orange Regional Medical Center (hereinafter ORMC) by ambulance. [*3]During the ambulance ride, Emergency Medical Services (hereinafter EMS) providers noted that the decedent's symptoms were becoming more pronounced and contacted ORMC with a stroke alert. Upon his arrival at ORMC, the decedent was given a CT scan and assessed by an attending emergency room physician, the defendant Pamela Murphy, and a neurologist, the defendant Elena Kaznatcheeva. Murphy and Kaznatcheeva independently performed the National Institute of Health Stroke Scale exam on the decedent and assessed him with different scores for different positive findings, but both determined that the decedent's symptoms, which they claimed had improved, not deteriorated, since the time EMS arrived at the decedent's home, were not severe enough to warrant the administration of tissue plasminogen activator (hereinafter tPA), a thrombolytic medication used to break up clots. The decedent's condition declined throughout the evening, and he was admitted to the hospital. Early the next morning, a code blue was called because the decedent was found unresponsive. It was later discovered that the decedent had suffered a pontine stroke and was neurologically devastated such that he developed locked-in syndrome. The decedent died on April 10, 2017. The plaintiff claims that the failure to treat the decedent with tPA deprived him of a chance for a better outcome, and that the defendants' negligence and carelessness caused, precipitated, and/or hastened the decedent's death. Each of the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted each of their respective motions. The plaintiff appeals from the dismissal of the causes of action alleging medical malpractice, wrongful death, and loss of services.
The Supreme Court erred in granting those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against each of them. Each of the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing those causes of action.
The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage. On a motion for summary judgment, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Bhuiyan v Germain, 211 AD3d 667, 668; Shirley v Falkovsky, 207 AD3d 679, 680; Dear-Noel v Alvarez, 206 AD3d 879, 881). To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898; Hackett v Bybordi, 212 AD3d 598; Schmidt v Bangiyev, 210 AD3d 924, 925).
Uri Napchan, the expert physician for the defendants Kaznatcheeva and Middletown Medical, P.C., failed to address all of the specific allegations set forth in the plaintiff's bill of particulars (see Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795, 797; Cham v St. Mary's Hosp. of Brooklyn, 72 AD3d 1003, 1005-1006). Further, Napchan failed to address in his affirmation the conflicting evidence as to whether the decedent's condition had improved between the time EMS arrived at his home and the time he was first seen by Kaznatcheeva and Murphy at ORMC, which alleged improvement was cited as a factor in the decision to not administer tPA (see Martinez v Orange Regional Med. Ctr., 203 AD3d 910, 913; Abakpa v Martin, 132 AD3d 924, 927; Faicco v Golub, 91 AD3d 817, 818). Because Napchan's affirmation relied upon a disputed fact, specifically that the decedent's condition was improving when he was seen by Kaznatcheeva and Murphy and, therefore, contraindicated the administration of tPA, it was insufficient to establish, prima facie, that Kaznatcheeva and Middletown Medical, P.C., did not deviate or depart from [*4]accepted medical practice or that such deviation or departure was not a proximate cause of the decedent's injuries (see Kubera v Bartholomew, 167 AD3d 1477, 1480; Reiss v Sayegh, 123 AD3d 787, 789; Plato v Guneratne, 54 AD3d 741, 742).
Similarly, ORMC's expert physician, Andrew Leifer, failed to address all of the allegations set forth in the plaintiff's bill of particulars and failed to address in his affirmation the conflicting evidence as to whether the decedent's condition was improving between the time EMS arrived at his home and the time he was first seen by Kaznatcheeva and Murphy at ORMC. As his affirmation also relied upon a disputed fact, it was also insufficient to establish, prima facie, that ORMC did not deviate or depart from accepted medical practice or that such deviation or departure was not a proximate cause of the decedent's injuries.
The defendants Murphy, Pamela J. Murphy, MD FACEP, PLLC, and Orange Emergency Services, P.C. (hereinafter collectively the Murphy defendants) submitted affirmations from two physicians, Gregory Mazarin and Joseph Jeret. Both expert affirmations were conclusory and insufficient to establish the Murphy defendants' prima facie entitlement to judgment as a matter of law (see Coscia v Mosca, 203 AD3d 695, 697; Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the opposition papers submitted by the plaintiff (see Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 925; Felix v Falletta Carting Corp., 131 AD3d 667, 668; Forlenza v Miglio, 130 AD3d 567, 569).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court