Maynard v Mount Sinai Doctors Brooklyn Hgts. (2025 NY Slip Op 06854)

Maynard v Mount Sinai Doctors Brooklyn Hgts.

2025 NY Slip Op 06854

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-09706 
2023-09707
 (Index No. 503413/18)

[*1]Kelizma Maynard, appellant, 
vMount Sinai Doctors Brooklyn Heights, et al., respondents.

Tumelty & Spier, LLP, New York, NY (John P. Tumelty of counsel), for appellant.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi Di Folco of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated July 20, 2023, and (2) a judgment of the same court dated July 31, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice. The judgment, insofar as appealed from, upon the order, is in favor of the defendants and against the plaintiff dismissing the cause of action alleging medical malpractice.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice is denied, that cause of action is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff sought treatment for severe abdominal pain from the defendant Michael I. Kim, an internist employed by the defendant Mount Sinai Doctors Brooklyn Heights. Kim ordered blood work and advised the plaintiff to obtain an appointment for a CT scan. The following day, Kim called the plaintiff to report the results of her blood work, which showed elevated levels of white blood cells and neutrophils. The plaintiff reported to Kim that she had gone to a hospital emergency room the previous night and had been diagnosed with a urinary tract infection. Kim advised the plaintiff to get a CT scan if her condition worsened. Two days later, the plaintiff presented to another hospital emergency room where she was diagnosed with acute appendicitis, [*2]peritonitis, and multiple abscesses. The plaintiff was admitted to the hospital for 10 days where the abscesses were drained and intravenous antibiotics were administered. An appendectomy could not be performed at that time due to inflammatory changes. Four months after her discharge, the plaintiff elected to have a laparoscopic appendectomy, which also required a laparoscopic lysis of adhesions and partial cecectomy.
The plaintiff thereafter commenced this action, inter alia, to recover damages for medical malpractice. Upon the completion of discovery, the defendants moved, among other things, for summary judgment dismissing the cause of action alleging medical malpractice. The Supreme Court granted that branch of the motion, and a judgment was issued in favor of the defendants and against the plaintiff, inter alia, dismissing the medical malpractice cause of action. The plaintiff appeals.
"The essential elements of medical malpractice are (1) a deviation or departure from accepted medical practice, and (2) evidence that such departure was a proximate cause of injury" (Danziger v Mayer, 236 AD3d 755, 758 [internal quotation marks omitted]; see Alao v Richmond Univ. Med. Ctr., 213 AD3d 722, 723). "On a motion for summary judgment, a defendant doctor must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (Ivey v Mbaidjol, 202 AD3d 1070, 1071; see Stukas v Streiter, 83 AD3d 18, 23-24). "Once a defendant makes a prima facie showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Alao v Richmond Univ. Med. Ctr., 213 AD3d at 723 [internal quotation marks omitted]; see Chillious v Edouard, 234 AD3d 737, 741). "'Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions'" (Chillious v Edouard, 234 AD3d at 741, quoting Feinberg v Feit, 23 AD3d 517, 519).
Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action. The defendants' expert opined that Kim did not depart from accepted medical practice by failing to order a stat CT scan when the plaintiff presented to his office because the plaintiff did not report the "classic signs and symptoms" of appendicitis. The defendants' expert further opined that Kim did not depart from accepted medical practice by failing to order a stat CT scan the following day upon receiving the blood test results because the plaintiff's symptoms and lab results were adequately explained by the diagnosis she had received the previous evening of a urinary tract infection. The defendants' expert also concluded, in any event, that the alleged failure to timely diagnose appendicitis did not proximately cause the plaintiff's injuries because the fluid collection was caused by endometriosis and preexisted the obstruction of the appendix.
In opposition, however, the plaintiff raised triable issues of fact. The plaintiff's expert opined, contrary to the defendants' expert, that the plaintiff's presenting symptoms were consistent with acute appendicitis and that it was a departure from accepted medical practice for Kim not to have acted immediately to rule out that condition by ordering a stat CT scan. The plaintiff's expert additionally opined that a stat CT scan should have been ordered the following day upon receipt of the lab results, which were further concerning for appendicitis despite the intervening diagnosis of a urinary tract infection, given the symptoms the plaintiff had reported and not reported to him the preceding day. The plaintiff's expert opined that regardless of the cause of the appendicitis, the delay in diagnosis allowed the inflammation and infection to progress, resulting in a prolonged hospitalization and the formation of adhesions, among other things, which complicated her subsequent elected course of medical treatment. Contrary to the Supreme Court's determination, these opinions of the plaintiff's expert were not speculative and conclusory (see Chillious v Edouard, 234 AD3d at 741; see also Ivey v Mbaidjol, 202 AD3d at 1072).
In light of the conflicting medical opinions submitted by the defendants and the plaintiff, that branch of the defendants' motion which was for summary judgment dismissing the medical malpractice cause of action should have been denied (see Chillious v Edouard, 234 AD3d at 741; see also Ivey v Mbaidjol, 202 AD3d at 1072).
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court