Gupta v Long Is. Jewish Med. Ctr.

2026 NY Slip Op 02106

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Savita Gupta, etc., appellant,

v

Long Island Jewish Medical Center, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-03211, (Index No. 711672/16)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Michael Manoussos & Co PLLC, Kew Gardens, NY, for appellant.

Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Daniel S. Ratner and Greg Freedman of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered May 5, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendants Long Island Jewish Medical Center, Elizabeth A. Brothers, Brendan A. Berry, Mityanand Ramnarine, Danielle Conforti, and Gyaneswari Kotha which were for summary judgment dismissing the causes of action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against them.

ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Long Island Jewish Medical Center, Elizabeth A. Brothers, Brendan A. Berry, Mityanand Ramnarine, Danielle Conforti, and Gyaneswari Kotha which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

In September 2016, the Public Administrator of Queens County (hereinafter the Public Administrator), in his capacity as the administrator of the estate of Reginald Tewari (hereinafter the decedent), commenced this action against, among others, the defendants Long Island Jewish Medical Center (hereinafter LIJMC), Elizabeth A. Brothers, Brendan A. Berry, Mityanand Ramnarine, Danielle Conforti, and Gyaneswari Kotha (hereinafter collectively the defendants), inter alia, to recover damages for medical malpractice and wrongful death that the Public Administrator alleged arose out of the decedent's treatment and care at LIJMC in October 2014. After Savita Gupta (hereinafter the plaintiff) was substituted as the administrator of the decedent's estate, she served a supplemental summons and amended complaint dated November 15, 2019, among other things, adding a derivative cause of action on her behalf for loss of services. The defendants separately answered and asserted, inter alia, the affirmative defense of the statute of limitations.

The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered May 5, 2021, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of [*2]action alleging medical malpractice, wrongful death, and loss of services insofar as asserted against them. The plaintiff appeals.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage. On a motion for summary judgment, a defendant must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby (see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 913; Bhuiyan v Germain, 211 AD3d 667, 668). To sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (see Barnaman v Bishop Hucles Episcopal Nursing Home, 213 AD3d 896, 898; Hackett v Bybordi, 212 AD3d 598). "In opposition, the plaintiff must demonstrate the existence of a triable issue of fact as to the elements on which the defendant has met his or her initial burden" (Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068). "The purpose of a bill of particulars is to amplify pleadings, limit proof, and prevent surprise at trial, not to provide evidentiary material" (Toth v Bloshinsky, 39 AD3d 848, 849).

On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendants met their prima facie burden of showing that there was no departure from good and accepted medical practice or that the decedent was not injured thereby (see Hiegel v Orange Regional Med. Ctr., 219 AD3d at 913). However, in opposition, the affirmation of the plaintiff's expert in emergency medicine was sufficient to raise triable issues of fact as to whether the defendants departed from accepted standards of care and whether such departures were a proximate cause of the decedent's injuries and death. Contrary to the defendants' contention, the plaintiff did not raise new theories of liability in opposition to the defendants' motion for summary judgment (see Rich v Donnenfeld, 191 AD3d 909, 910; Toth v Bloshinsky, 39 AD3d at 849).

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging loss of services insofar as asserted against them, albeit for reasons different than those relied upon by the court. This cause of action, which is limited to the period prior to the decedent's death (see Liff v Schildkrout, 49 NY2d 622, 632), is a derivative one (see id.) and, thus, is governed by the same period of limitations that controls the underlying cause of action, i.e., 2½ years for medical malpractice (see Maxson v Delaware, Lackawanna & W. R.R. Co., 112 NY 559; Rothfarb v Brookdale Hosp., 139 AD2d 720, 722). The plaintiff did not interpose her derivative cause of action until the statute of limitations on the underlying cause of action alleging medical malpractice had expired (see CPLR 214-a). Because the original complaint did not give the defendants notice that a claim for loss of services would be asserted, the derivative cause of action does not relate back to the time when the action was originally commenced and is time-barred (see id. § 203[f]; Lucido v Vitolo, 251 AD2d 383, 384; Clausell v Ullman, 141 AD2d 690, 691).

The parties' remaining contentions are without merit.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court